# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| LAKESHA L. NORINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:15-CV-474 JM |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Lakesha L. Norington, a *pro se* prisoner, is an abusive litigator who is generally restricted from filing civil litigation in this court. *See Norington v. Levenhagen*, 3:14-CV-661 (N.D. Ind., filed March 31, 2014). An exception to that restriction is a habeas corpus case such as this one. Here, Norington is challenging the prison disciplinary hearing (WCU 15-06-283) that was held at the Westfield Correctional Facility on June 23, 2015. The Disciplinary Hearing Officer (DHO) found her guilty of counterfeiting in violation of B230 and sanctioned her with the loss of 21 days earned credit time. The Conduct Report explains that an "informal grievance that was filled out by offender Norington to me was also answered by offender Norington who signed my name and wrote the response pretending to be me." (DE # 1-2 at 7.) Norington has presented three arguments in the two numbered grounds set forth in her petition.

She argues that she was improperly prevented from presenting evidence during her hearing when she was removed because she was disruptive. She argues that she was not disruptive. Prisoners have the right to present relevant, exculpatory evidence.

*Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, prisoners do not have the right to be disruptive (if she was) nor to present evidence which "would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Here, the evidence she wanted to present was not exculpatory – it was a confession. *(See* DE # 1-2 at 17.) The statement that Norington wanted to present admits that she wrote the response on her informal grievance and included the prison employee's name on the signature line of the form. She also admits that she sent it to another prison employee as a part of her grievance appeal. Though the statement attempts to explain that she did not intend to deceive anyone, "lack of specific intent is not a valid defense . . . in the context of a prison disciplinary action." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Norington argues that there was insufficient evidence from which she could have been found guilty. However, in determining the sufficiency of the evidence, the court "need look no further than one key piece of evidence: [her] confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). As noted, Norington admits that she wrote the staff response on the form, placed a prison employee's name on the signature line, and forwarded the document to another prison employee.

Finally, she argues that the conduct report was fabricated. This is a difficult argument to understand given that she admitted to writing the response, putting the prison employee's name on it, and sending it to another prison employee. Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*

*v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). That is to say, alleging that the conduct report is false is merely another way of arguing that there is insufficient evidence to support the finding of guilt. As previously explained, the evidence here is sufficient and there is no basis for habeas corpus relief in this case.

For these reasons, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. This case is **DISMISSED**.

**SO ORDERED.**

Date: November 19, 2015

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT